**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-139-SLP |
| | ) | |
| BRANDON ONEAL GWYNN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE JURY TRIAL**
**& REQUEST FOR EXTENSION OF TIME WITHIN**
**WHICH TO FILE PRELIMINARY TRIAL DOCUMENTS**

COMES NOW undersigned counsel of record for the Defendant, Brandon Oneal Gwynn, and respectfully requests this Court grant a continuance in the trial of this cause to the April 2022 jury trial docket, pursuant LCrR12.1(e) and LCvR7.1(h), and in support states as follows:

1) Mr. Gwynn was charged in a two-count Indictment filed June 1, 2021. *Doc. 1.* The Indictment charges him and his codefendant with one count of drug conspiracy and one count of possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. §846 and §841(a)(1), respectively, which both are punishable by not less than ten (10) years' imprisonment, plus a potential fine and mandatory supervised release.  The charges are based on an arrest that had occurred some months earlier, in August 2020.

2) At the time the indictment was filed in this district, Mr. Gwynn was serving a sentence in the Quay County (New Mexico) Detention Center, whereafter he was transported to the State of Kentucky to serve a parole revocation term there.  He was writted from

Kentucky custody to this district for arraignment on January 10, 2022. *Docs. 40-42, 48.* The matter was placed on this Court's jury trial docket beginning March 8, 2022. Mr. Gwynn waived his right to a detention hearing and was remanded to U.S. Marshal custody pending disposition. *Doc. 48.* However, Mr. Gwynn presently remains in the primary custody of Kentucky authorities, who do not anticipate releasing him until February 2023, per information provided to undersigned counsel.

3)     Mr. Gwynn's codefendant entered a guilty plea to one count of the Indictment in October 2021 and sentencing is pending. *Docs. 35-39*

4)     The defense makes this request based on the need for additional time to evaluate discovery and potentially request additional discovery, conduct investigation, confer with Mr. Gwynn concerning his options for disposition, adequately prepare for trial, and determine whether the case can be resolved without the necessity of a jury trial. In conducting investigations, undersigned counsel has had difficulties communicating with the codefendant's counsel due to his (apparent) health issues.

5)     No previous request to continue the jury trial has been made by either Mr. Gwynn or the government.

6)     Granting the requested continuance of the trial <u>will</u> exceed the seventy day limit of the Speedy Trial Act, 18 §3161 *et seq*. Seventy days from Mr. Gwynn's arraignment will fall on March 21, 2022; the April trial docket commences 22 days later, on April 12. Counsel requests a determination that the period of delay from the filing of this motion to the commencement of the April jury docket is excludable from the computation of the seventy

day time limit within which the trial of this case must commence. Counsel requests the Court find the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. Counsel requests the Court make this determination on the grounds that failing to grant the request would deny counsel for Mr. Gwynn the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and that to deny necessary time for effective preparation would result in a miscarriage of justice; and noting that Mr. Gwynn will in any event remain in custody serving his state parole revocation term until February 2023.

7)      Mr. Gwynn has informed undersigned counsel he will sign a speedy trial waiver, which undersigned counsel will present to him and file at her earliest ability.

8)      Undersigned counsel has conferred with Danielle Connolly, Assistant United States Attorney, about this request and she states she has no objection to continuing the jury trial to the April 2022 docket.

9)      The requested continuance will have no impact on other deadlines other than to warrant an extension of trial-related deadlines.

### *Relief Requested*

Based on the foregoing, undersigned counsel respectfully requests (1) the jury trial be stricken from the March 2022 docket and reset to the April 2022 trial docket; and (2) this Court enter an order extending the time within which Mr. Gwynn and the government may file pretrial motions, requested voir dire and jury instructions, and notices until Friday, April 1, 2022, or other date convenient to the Court.

Respectfully submitted,

_s/ Julia C. Summers_
JULIA C. SUMMERS, OBA No. 15851
Assistant Federal Public Defender
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
Phone:        (405) 609-5930
Fax:          (405) 609-5932
E-mail:       julia.summers@fd.org
*COUNSEL FOR DEFENDANT,*
*BRANDON ONEAL GWYNN*


## CERTIFICATE OF SERVICE

I hereby certify that on this 22ND day of February 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to Assistant United States Attorneys Danielle Connolly and Travis Leverett.

_s/ Julia C. Summers_
JULIA C. SUMMERS