## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-139-SLP |
| | ) | |
| BRANDON ONEAL GWYNN, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is the Unopposed Motion to Continue Jury Trial & Request for Extension of Time Within Which to File Preliminary Trial Documents [Doc. No. 54].  The United States does not oppose the requested relief.  Defendant requests a continuance of this matter from the March 8, 2022 trial docket to the April 2022 trial docket and an extension of time until April 1, 2022 to file pretrial motions, requested voir dire, jury instructions, and notices.  The Court has received Defendant's speedy trial waiver [Doc. No. 55].

The Speedy Trial Act gives this Court the discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006).  As set forth in the Motion, a delay is warranted to allow Defendant's counsel time to review discovery, conduct investigation, confer with Defendant and counsel for the co-defendant, and prepare for trial or a resolution without trial.  The Court finds the denial of the Motion under the facts of this case and as more fully set forth in the Motion would unreasonably deny Defendant reasonable time necessary for effective preparation, taking into account

the exercise of due diligence by counsel.  This Court specifically finds that the ends of justice served by taking this action outweigh the best interests of the public and Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A); *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).  In making this determination, the Court has specifically considered the length of the delay, the reason for the delay, the defendant's assertion of rights, any prejudice to the defendant and other relevant circumstances.  *See Toombs*, 574 F.3d at 1274.  The period of delay caused by the granting of the motion to continue on this ground is excludable for purposes of the Speedy Trial Act and the Sixth Amendment's speedy trial guarantee.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).  Accordingly, the Motion is granted and this matter is reset on the April 2022 trial docket.  However, the Court finds excessive the request to extend the deadline for pretrial motions and notices to April 1, 2022 and instead extends the deadline to March 25, 2022.

IT IS THEREFORE ORDERED that the Unopposed Motion to Continue Jury Trial & Request for Extension of Time Within Which to File Preliminary Trial Documents [Doc. No. 54 is GRANTED IN PART and DENIED IN PART.  This matter is STRICKEN from the March 8, 2022 trial docket and reset on the April 2022 trial docket.

IT IS FURTHER ORDERED that the deadline for pretrial motions and notices is extended to March 25, 2022 as to both parties.  All proposed jury instructions and requested voir dire should be filed in accordance with the deadlines established by the Court's Local Criminal Rules.

IT IS SO ORDERED this 1st day of March, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE