### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | Case No. CR-21-139-SLP |
| ) | |
| BRANDON ONEAL GWYNN, ) | |
| ) | |
| Defendant. ) | |

### UNOPPOSED MOTION TO CONTINUE JURY TRIAL
### & REQUEST FOR EXTENSION OF TIME WITHIN
### WHICH TO FILE PRELIMINARY TRIAL DOCUMENTS (Second)

COMES NOW undersigned counsel of record for the Defendant, Brandon Oneal Gwynn, and respectfully requests this Court grant a continuance in the trial of this cause to the May 2022 jury trial docket, pursuant LCrR12.1(e) and LCvR7.1(h), and in support states as follows:

1)   Mr. Gwynn was charged in a two-count Indictment filed June 1, 2021. *Doc. 1*. The Indictment charges him and his codefendant with one count of drug conspiracy and one count of possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. §846 and §841(a)(1), respectively, which both are punishable by not less than ten (10) years' imprisonment, plus a potential fine and mandatory supervised release. The charges are based on an arrest that occurred in August 2020.

2)   At the time the indictment was filed in this district, Mr. Gwynn was serving a sentence in the Quay County (New Mexico) Detention Center, whereafter he was transported to the State of Kentucky to serve a parole revocation term. Kentucky authorities do not

anticipate releasing him until February 2023, per information provided to undersigned counsel. He is in the primary custody of the State of Kentucky.

3) Mr. Gwynn was writted from Kentucky to this district for arraignment on January 10, 2022. *Docs. 40-42, 48.* The matter was initially placed on this Court's jury trial docket beginning March 8, 2022. Mr. Gwynn waived his right to a detention hearing and was remanded to U.S. Marshal custody pending disposition. *Doc. 48.*

4) Mr. Gwynn's codefendant has entered a guilty plea to one count of the Indictment in October 2021 and sentencing is pending. *Docs. 35-39.*

5) The defense now requests one additional continuance of the trial. The defense has requested additional items of discovery, which the government is attempting to fulfill. Additional time will be required to evaluate the new, anticipated discovery, conduct investigations, adequately prepare for trial, and determine whether the case can be resolved without the necessity of a jury trial. Also, Mr. Gwynn has filed a motion to suppress evidence, which will require a hearing and disposition before the case can be tried.

6) Mr. Gwynn previously waived his right to a speedy trial and requested a continuance of the trial to the April 2022 docket, without opposition from the government, which this Court granted. *Docs. 54-56.* Mr. Gwynn has signed a second waiver of his right to speedy trial which will be filed shortly.

7) Granting the requested continuance of the trial <u>may</u> exceed the seventy day limit of the Speedy Trial Act, 18 U.S.C. §3161 *et seq*. Seventy days from Mr. Gwynn's arraignment would have fallen on March 21, 2022. However, the filing of the prior motion

to continue the jury trial tolled the speedy trial clock on February 22; and the filing of Mr. Gwynn's motion to suppress further tolls the clock until that motion is disposed of. 18 U.S.C. §3161(h)(1)(D). To the extent the days between disposition of that motion and the commencement of the trial may exceed the days remaining in the 70-day limitation, counsel requests a determination that the period of delay from the filing of this motion to the commencement of the May jury docket is excludable from the computation of the seventy day time limit within which the trial of this case must commence. Counsel requests the Court find the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. Counsel requests the Court make this determination on the grounds that failing to grant the request would deny counsel for Mr. Gwynn the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and that to deny necessary time for effective preparation would result in a miscarriage of justice; and noting that Mr. Gwynn will in any event remain in custody serving his state parole revocation term until February 2023.

8)      Undersigned counsel has conferred with Danielle Connolly, Assistant United States Attorney, about this request and she states she does not object to continuing the jury trial to the May 2022 docket.

9)      The requested continuance will have no impact on other deadlines other than to warrant an extension of trial-related deadlines. In this respect, AUSA Connolly specifically requests an extension of the time for the government's response to Mr. Gwynn's motion to suppress evidence (Doc. 59). Under LCrR 12.1(b), the response should be filed

by April 4, 2022. Ms. Connolly requests an extension to April 22, 2022 to file a response, in part to ensure sufficient time to try to resolve the case without the necessity of trial. The defense has no objection to this, and notes this will allow ample time to hold a hearing on Mr. Gwynn's motion to suppress prior to the commencement of the jury trial docket.

## *Relief Requested*

Based on the foregoing, undersigned counsel respectfully requests (1) the jury trial be stricken from the April 2022 docket and reset to the May 2022 trial docket; and (2) this Court enter an order extending the time for the government to file its response to the Motion to Suppress, and for both parties to file requested motions in limine, voir dire, and jury instructions until Friday, April 29, 2022, or other date convenient to the Court.

Respectfully submitted,

 s/ *Julia C. Summers*
JULIA C. SUMMERS, OBA No. 15851
Assistant Federal Public Defender
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
Phone:      (405) 609-5930
Fax:         (405) 609-5932
E-mail:     julia_summers@fd.org
*COUNSEL FOR DEFENDANT,*
*BRANDON ONEAL GWYNN*

CERTIFICATE OF SERVICE
I hereby certify that on this 29th day of March 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to Assistant United States Attorney Danielle Connolly.

 s/ *Julia C. Summers*
JULIA C. SUMMERS