IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                       Case Number:   CR-21-139-SLP

BRANDON ONEAL GWYNN,
    Defendant.

### BRANDON GWYNN'S UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS

Pursuant to L.Cr.R. 12.1 (a) and (f), the Defendant, BRANDON ONEAL GWYNN, moves to continue the trial of this matter to the July 2022 trial docket and to extend the time to file pretrial motions to 21 days from the Court's order on this motion. This motion is unopposed.

By way of background, the undersigned counsel was appointed to represent BRANDON GWYNN on May 5, 2022. While the Federal Public Defender and the U.S. Attorney are cooperating in producing discovery and work product (where appropriate), new defense counsel must meet with his client and review the files in order to determine how best to defend the charges. Mr. Gwynn is aware that appointment of new counsel necessitates a continuance in order to provide constitutionally effective assistance of counsel.

1

Pursuant to L.Cr.R. 12.1, the Court is shown:

1. Mr. Gwynn was indicted on June 1, 2021. The Speedy Trial Act was triggered no later than January 10, 2022, when Mr. Gwynn was arraigned. He has had motions pending for much of February and March; therefor, the Speedy Trial Act was tolled during those times. Even if the Speedy Trial Act hadn't tolled or the 70 days has elapsed or will elapse before a July trial (if the Court continues the trial), proceeding to trial without any preparation would violate the Defendant's constitutional right to counsel and to effective assistance of counsel. Thus, a continuance is necessary and proper.

2. Trial in this matter is presently scheduled for the May 2022 trial docket beginning on May 10, 2022. Absent a continuance, the trial will occur as scheduled.

3. This matter has been previously continued, but not since a superseding indictment (Docket No. 80) was returned on April 20, 2022, and not since new counsel was appointed yesterday. (See Docket No. 54 and 56 and 60 and 63 for the motions and orders respectively).

4. The delay until the July 2022 docket might impact the Speedy Trial Act because the 70 days likely will lapse before a July trial even if additional pretrial motions are filed and subsequently toll the Speedy Trial Act again.

5. Counsel seeks additional time to prepare for trial the following reasons:

    a. Defense counsel is new to the case since May 5, 2022.

    b. Defense counsel needs to receive discovery from the Government, who advised that additional discovery should be available the middle of next week. Counsel has obtained most, if not all, of the defense file from the Federal Public Defender.

    c. Defense counsel must have time to review the file and discovery, to interview the client, to research the applicable law, to discuss strategy with the Defendant, to investigate the factual allegations, to consider and negotiate possible resolution, to file pretrial motions that new counsel believes to be appropriate, and to prepare for trial.

    d. Defense counsel is engaged in several CJA appointments as well as representing his privately retained clients in matters in state and federal courts statewide. As a result, there are many court appearances (not trials) and deadlines previously scheduled before accepting this appointment.

    e. To force the Defendant to trial without adequate investigation and preparation would violate the Defendant's constitutional rights to a jury trial and to effective assistance of

counsel. While the Speedy Trial Act must be considered, this statutory act does not trump the important constitutional rights outlined herein.

 f. There is no harm to the Government by continuing this trial. The harm to the Defendant, however, is of a constitutional magnitude if a continuance is denied.

6. Defense counsel consulted with the prosecutor, Danielle Connolly, concerning the requested continuance and extension of time to file pretrial motions. The prosecution has no objection.

7. Obviously, continuing the trial would have an impact on the scheduled trial date of May 10, 2022.

8. Accordingly, Defendant BRANDON ONEAL GWYNN requests that the Court continue the trial of this matter to the July 2022 trial docket and that the Defendant have 21 days to file any pretrial motions.

9. A proposed order will be provided.

## PRAYER

WHEREFORE, Defendant BRANDON ONEAL GWYNN, through counsel, moves to continue the trial to the July 2022 trial docket and to extend the time to file pretrial motions until 21 days from the Court's order on this motion.

4

Respectfully submitted,

*s/ Robert L. Wyatt, IV*
Robert L. Wyatt, IV, OBA No. 13154
WYATT LAW OFFICE
501 N. Walker Avenue, Suite 110
Oklahoma City, OK 73101
(405) 234-5500 Telephone
E-mail: bobwyatt@wyattlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2022, a true and correct copy of the foregoing Motion was sent via this court's electronic court filing system to:

Danielle Connolly and Jason Harley, AUSAs
Julia Summers and Kyle Wackenheim, AFPDs

And all other ECF registrants appearing in this case. At this time, the defendant is unaware of any non-ECF registrants that are parties to this case.

*s/ Robert L. Wyatt, IV*
Robert L. Wyatt, IV